UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| DENNIS LATOURRETTE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL NO. 2:07cv178 |
| | ) |
| ANDERSON TRUCKING SERVICE, INC., | ) |
| | ) |
| Defendant. | ) |

OPINION AND ORDER

This matter is before the court on a motion for summary judgment filed by the defendant, Anderson Trucking Service, Inc. ("ATS"), on September 15, 2008. The plaintiff, Dennis Latourrette ("Latourrette"), filed his response on October 14, 2008, to which ATS replied on October 28, 2008.

Summary Judgment Standard

Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). However, Rule 56(c) is not a requirement that the moving party negate his opponent's claim. Fitzpatrick v. Catholic Bishop of Chicago, 916 F.2d 1254, 1256 (7th Cir. 1990). Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery, against a party "who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and in which that party will bear the burden of proof at trial." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). The standard for granting summary judgment mirrors the directed verdict standard under Rule 50(a), which requires the court to

grant a directed verdict where there can be but one reasonable conclusion. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250 (1986). A scintilla of evidence in support of the non-moving party's position is not sufficient to successfully oppose summary judgment; "there must be evidence on which the jury could reasonably find for the plaintiff." Id. In Re Matter of Wildman, 859 F.2d 553, 557 (7th Cir. 1988); Klein v. Ryan, 847 F.2d 368, 374 (7th Cir. 1988); Valentine v. Joliet Township High School District No. 204, 802 F.2d 981, 986 (7th Cir. 1986). No genuine issue for trial exists "where the record as a whole could not lead a rational trier of fact to find for the nonmoving party." Juarez v. Ameritech Mobile Communications, Inc., 957 F.2d 317, 322 (7th Cir. 1992)(quoting Matsushita Electric Industrial Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986)).

Initially, Rule 56 requires the moving party to inform the court of the basis for the motion, and to identify those portions of the "pleadings, depositions, answers to interrogatories, and admission on file, together with the affidavits, if any, which demonstrate the absence of a genuine issue of material fact, Celotex, 477 U.S. at 323. The non-moving party may oppose the motion with any of the evidentiary materials listed in Rule 56(c), but reliance on the pleadings alone is not sufficient to withstand summary judgment. Goka v. Bobbitt, 862 F.2d 646, 649 (7th Cir. 1988); Guenin v. Sendra Corp., 700 F. Supp. 973, 974 (N.D. Ind. 1988); Posey v. Skyline Corp., 702 F.2d 102, 105 (7th Cir.), cert. denied, 464 U.S. 960 (1983).

So that the district court may readily determine whether genuine issues of material fact exist, under Local Rule 56.1, the moving party is obligated to file with the court a "Statement of Material Facts" supported by appropriate citation to the record to which the moving party contends no genuine issues exist. In addition, the non-movant is obligated to file with the court a

"Statement of Genuine Issues" supported by appropriate citation to the record outlining all material facts to which the non-movant contends exist that must be litigated. See, Waldridge v. American Hoechst Corp. et al., 24 F.3d 918 (7th Cir. 1994). In ruling on a summary judgment motion the court accepts as true the non-moving party's evidence, draws all legitimate inferences in favor of the non-moving party, and does not weigh the evidence or the credibility of witnesses. Anderson, 477 U.S. at 249-251, 106 S.Ct. at 2511. Furthermore, in determining the motion for summary judgment, the court will assume that the facts as claimed and supported by admissible evidence by the moving party are admitted to exist without controversy, except to the extent that such facts are controverted in the "Statement of Genuine Issues" filed in opposition to the motion. L.R. 56.1

Substantive law determines which facts are material; that is, which facts might affect the outcome of the suit under the governing law. Anderson, 477 U.S. at 248. Irrelevant or unnecessary facts do not preclude summary judgment even when they are in dispute. Id. The issue of fact must be genuine. Fed. R. Civ. P. 56(c), (e). To establish a genuine issue of fact, the non-moving party "must do more than simply show that there is some metaphysical doubt as to the material facts." Matsushita, 475 U.S. at 586; First National Bank of Cicero v. Lewco Securities Corp., 860 F.2d 1407, 1411 (7th Cir. 1988). The non-moving party must come forward with specific facts showing that there is a genuine issue for trial. Id. A summary judgment determination is essentially an inquiry as to "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." Anderson, 477 U.S. at 251-252. Finally, the court notes that, "[i]t is a gratuitous cruelty to parties and their witnesses to put them through the emotional ordeal of a trial when the

outcome is foreordained" and in such cases summary judgment is appropriate. Mason v. Continental Illinois Nat'l Bank, 704 F.2d 361, 367 (7th Cir. 1983).

## Discussion

ATS is a trucking company located in St. Cloud, Minnesota. Latourrette is a professional truck driver and worked for ATS for periods in 1999, 2001 and 2002. Kevin Huhne was his primary supervisor.

In September of 2002 Latourrette claimed he slipped and fell off a trailer when he was putting up his equipment from untarping the load he was delivering for ATS. Latourrette continued to work while seeking chiropractic care, but subsequently saw Dr. Shapiro in November 2002. At that time, Latourrette was taken off work duties and the matter was classified as a worker's compensation claim. Latourrette formally filed his worker's compensation claim on October 23, 2003, and the claim was settled by agreement with the Worker's Compensation Board of the State of Indiana in November 2006.

Latourrette has filed a five-count complaint against ATS alleging worker's compensation retaliation, defamation, tortuous interference with business relationship, preventing discharged employee from obtaining work, and intentional infliction of emotional distress. In response to the summary judgment motion, Latourrette has conceded all claims except the claims for worker's compensation retaliation and intentional infliction of emotional distress. Thus, only these two claims will be discussed in this order.

With respect to his claim of retaliation, Latourrette contends that he was discharged from his employment with ATS because he filed a worker's compensation claim. Latourrette recites the following facts. During his first tenure with ATS, he worked as a truck driver from May

4

1999 to September 1999[1]; during his second tenure with ATS he worked from June 2001 to February 2006. However, for part of the second tenure Latourrette was on leave due to his injury and from April 25th of 2005 until his termination date he was listed as an employee at ATS but was not provided work.

Latourrette had the same supervisor both times he was employed at ATS. Latourrette claims that it is undisputed that he was an excellent employee both times he worked for ATS, and that the only differences between his two work periods was the reason for leaving his employment. That is, when he left for personal reasons, he was rehired, but after filing a worker's compensation claim, ATS refused to put him back to work and eventually fired him.

Latourrette further states that on April 25, 2005, his physician, Dr. Shapiro, released him to return without restrictions. Latourrette claims that during his deposition testimony, Kurt Stunek, the worker's compensation administrator for ATS, couldn't decide whether ATS or its workers' compensation carrier ever received Latourrette's restrictions, which he claimed was the reason Latourrette was not returned to work. Latourrette argues that Stunek's testimony is not credible because the evidence shows that Dr. Shapiro's office notes were sent to Mary Schopper, defense counsel for ATS's workers' compensation carrier, Crawford and Company, as well as to Randall Klezmer, Latourrette's worker's compensation attorney. Additionally, the evidence shows that Latourrette faxed Dr. Shapiro's return-to-work slip to ATS on April 25th or 26th of 2005.

Latourrette claims that after being released to work without restrictions, he repeatedly

---

[1] Latourrette left his employment with ATS for the first time because of a death in his family, and was rehired in June of 2001.

contacted Stunek and others at ATS asking to be returned to his job, and that Stunek told Latourrette he would not be hired back at ATS because he was hurt on the job.

ATS has taken the position that they were never fully informed as to what Latourrette's job restrictions were, but only knew from Latourrette that he could no longer tarp loads. Thus, they did not know what position, if any, he could fill and he was not put back to work. According to ATS, Latourrette would not have been a "rehire" at the time of his inquiries about returning to work because he had never been terminated but was on worker's compensation leave. After ATS learned that Latourrette had accepted employment elsewhere, it termed him from its employment rolls.

ATS argues that there is no genuine issue of material fact as to Latourrette's claim for retaliation because he was never terminated by ATS during the relevant time and he informed ATS that he was restricted with regard to his ability to work. ATS points out that Latourrette has failed to produce any evidence that he was terminated. The law instructs that an employee must present evidence that directly or indirectly implies the necessary inference of causation between the filing of a workers' compensation claim and the termination, such as proximity in time or evidence that the employer's asserted lawful reason for discharge is pretext. Powdertech, Inc. v. Joganic, 776 N.E.2d 1251 (Ind. App. 2002). ATS notes that in this case, Latourrette has conceded that he was still listed as an employee when he sought other work.

ATS argues that Latourrette is attempting to create a material fact issue related to the alleged release to work order issued by his doctor, and whether ATS had knowledge about his restrictions. ATS contends that this fails to create an issue of fact because Latourrette has admitted the Dr. Shapiro did not want to take him off of restrictions but that Latourrette "made

6

him take me off." (Latourrette Dep. at 67). Additionally, Latourrette testified that he informed ATS that he did not want to tarp loads as he did before his injury. (Latourrette Dep. at 82). Thus, ATS argues that based upon Latourrette's own testimony, he has failed to produce any evidence that shows he was terminated by ATS or that ATS retaliated against him.

Clearly, ATS is correct. Summary judgment is appropriate "when the evidence is such that no reasonable trier of fact could conclude that a discharge was caused by a prohibited retaliation." Powdertech, Inc. v. Joganic, 776 N.E.2d 1251 (Ind. App. 2002). The employee must present evidence that directly or indirectly implies the necessary inference of causation between the filing of a workers' compensation claim and the termination, such as proximity in time or evidence that the employer's asserted lawful reason for discharge is a pretext. Id. In the present case, there is no evidence of unlawful termination, and no evidence of pretext. Rather, it has been clearly shown that Latourrette was not even terminated until after he procured other employment, and that he had represented to ATS that he could not tarp loads due to his injury. Accordingly, summary judgment will be granted in favor of ATS on Latourrette's retaliation claim.

With respect to his claim for intentional infliction of emotional distress, Latourrette argues that ATS' failure to timely return him to his position as a truck driver was intentional and outrageous. Latourrette claims that he was unable to get a "straight answer" from anyone at ATS regarding whether he would be returned to work or whether he had been terminated from his job. Latourrette further claims that "[a]lthough he was marginally successful in finding dead-end jobs, good jobs were unavailable to him because ATS continued to list him as an employee."

In response, ATS argues that Latourrette has failed to set forth any evidence that ATS

acted in an "extreme and outrageous manner". To proceed on a claim of intentional infliction of emotional distress, Latourrette must present evidence that ATS: (1) engaged in extreme and outrageous conduct; (2) which intentionally or recklessly; (3) caused him; (4) severe emotional distress. Lachenman v. Stice, 838 N.E.2d 451 (Ind. App. 2005). ATS argues that Latourrette has failed to produce evidence of any act, let alone an "intentional outrageous act" supporting any claim that ATS caused him severe emotional distress.

This court agrees with ATS that, at most, ATS was guilty of not calling Latourrette back to work promptly. Considering that Latourrette had represented that he had restrictions and was on leave due to those restrictions, no reasonable jury could find that ATS engaged in extreme and outrageous conduct. Accordingly, summary judgment will be granted in favor of ATS on this claim.

## Conclusion

Based on the foregoing, ATS' motion for summary judgment [DE 17] is hereby GRANTED.

Entered: January 22, 2009.

                                                    s/ William C. Lee
                                                    William C. Lee, Judge
                                                    United States District Court